WILLIAM S. FORBES, Respondent, *v.* RACHEL L. KENNEDY, as Executrix, etc., of ROBERT LENOX KENNEDY, Appellant.

*Professional services — quantum meruit — payment by a patient to his physician — applied in reduction of the physician's claim.*

Where there is no specific agreement as to the compensation of a physician, in an action brought to recover the value of his services, he must recover, if at all, upon a *quantum meruit*.

A physician presented a claim against a decedent's estate for $5,000 for professional services alleged to have been rendered, and upon the trial of the action brought to recover the amount thereof, it was conceded that the decedent gave the plaintiff £200 by a letter of credit. There was no evidence that such services were worth $5,000 over and above the expenses of the physician, nor of any usage or custom that the patient should pay the physician's expenses, nor of the amount of such expenses.

*Held,* that the £200 should be applied towards the reduction of the plaintiff's claim.

APPEAL by the defendant, Rachel L. Kennedy, as executrix, etc., of Robert Lenox Kennedy, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of October, 1893, upon the report of a referee, and also from an order entered in said clerk's office on the 25th day of September, 1893, confirming the report of the referee and denying the defendant's motion to set aside the same.

*Walter Edwards,* for the appellant.

*Geo. A. Strong,* for the respondent.

CULLEN, J.:

This is an appeal from a judgment entered upon the report of a referee on a disputed claim against the estate of a deceased person. The report was confirmed at Special Term.

When this case was before the court on a prior appeal we were of opinion that there was no evidence sufficient to make out the plaintiff's case. Our judgment was reversed by the Court of Appeals (*Forbes* v. *Chicester,* 125 N. Y. 769), where it was held that the evidence was sufficient to require a court or jury to pass upon the question of fact. Accepting this decision, that the question of fact as to the claimant's employment as a physician by the

deceased was fairly presented by the evidence, we cannot say that the referee erred in deciding that question in favor of the claimant. The case had to be proven by circumstantial evidence, and our prior decision was not based on our disbelief of any employment, but on what we deemed the insufficiency of the evidence legally to establish that fact.

The referee found that there was no specific agreement as to compensation. The plaintiff, therefore, must recover on a *quantum meruit.* The referee has found that the claimant's services were rendered on the implied promise by the deceased to bear all the expenses, and to pay what the services were fairly and reasonably worth. The value was found to be $5,000. This sum seems to us large, considering the plaintiff's ordinary professional income, but as it was the value testified to by the witnesses for the plaintiff, and no evidence was given to controvert it, the finding in this respect must stand. But we can find no evidence in the case that the services were worth this sum over and above the expenses of the plaintiff, and no proof of any usage or custom that the patient should pay the physician's expenses. There is no proof of what the expenses of the plaintiff were. Certainly the expenditures made by the plaintiff and his wife in traveling apart from the deceased, could not be fairly termed expenses of the plaintiff's employment. It is conceded that the deceased gave plaintiff £200 by a letter of credit. We cannot see why, in any aspect of the case, the defendant should not have credit for this sum.

We think the judgment must be reversed and a new trial had, unless the plaintiff stipulates to reduce the judgment by the equivalent of £200, with interest, in which case the judgment is affirmed, without costs of this appeal to either party.

PRATT, J., concurred.

DYKMAN, J.:

I am in favor of a new trial unconditionally.

Judgment reversed and new trial granted, with costs to abide the event, unless plaintiff stipulates to deduct £200, with interest, from the judgment, in which case the judgment is affirmed, without costs on this appeal.